**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MICHAEL RICHARDSON**                                   **CIVIL ACTION**

**VERSUS**                                               **NO. 11-2179**

**N. BURL CAIN**                                         **SECTION "J"(5)**

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Michael Richardson, the State's response thereto, and Richardson's opposition to the State's response. (Rec. docs. 3, 12, 13). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that the instant petition be dismissed with prejudice as untimely.

**PROCEDURAL HISTORY**[1]

Petitioner, Michael Richardson, is a state prisoner currently incarcerated in the Louisiana State Penitentiary, Angola, Louisiana. On June 8, 2005, Richardson was charged, via a grand jury indictment, with second degree murder in violation of La. R.S.

---

[1] The procedural history was taken from the Court's review of the State Court record.

40:30.1.  (St. rec., vol. 1, p. 5).  On June 21, 2005, Richardson pleaded not guilty.  (St. rec., vol. 1, p. 6).  On July 31, 2006, the trial court denied Richardson's motion to suppress evidence, motion to suppress identification, and motion to suppress confession.  (St. rec., vol. 1, pp. 19-20).  On January 22-23, 2007, a jury was chosen and trial proceedings commenced in the Twenty-Second Judicial District Court for the Parish of St. Tammany.  (St. rec., vol. 1, pp. 23-28).  On January 26, 2007, jurors found Richardson to be guilty as charged.  (St. rec., vol. 1, p. 41 and p. 127).  On February 21, 2007, Richardson was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence with credit for time served. (St. rec., vol. 1, pp. 42-43).

On December 21, 2007, the Louisiana First Circuit Court of Appeal affirmed Richardson's conviction and sentence.  State v. Richardson, 973 So.2d 181 (Table), 2007-KA-1221, 2007 WL 4465590 (La. App. 1 Cir. 12/21/07).  Pursuant to Rule X, Section 5(a) of the Rules of the Louisiana Supreme Court, Richardson had thirty days from December 21, 2007, until January 20, 2008, in which to timely seek writs from the Louisiana Supreme Court.[2]  See, e.g.,

---

[2]La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:
  An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008). Richardson, however, failed to seek relief from the Louisiana Supreme Court in connection with the state appellate court's adverse opinion.

On January 28, 2009, Richardson properly filed an application for post-conviction relief with the state district court. (St. rec., vol. 6). On October 29, 2009, the state district court denied Richardson's post-conviction application. (St. rec., vol. 6). On March 2, 2010, the Louisiana First Circuit Court of Appeal denied Richardson's post-conviction writ application. State v. Richardson, 2009-KW-2332 (La. 1 Cir. 03/02/10) (unpublished opinion).[3] On May 20, 2011, the Louisiana Supreme Court likewise denied Richardson relief. State ex rel. Richardson v. State, 63 So.3d 971 (La. 2011).

On August 23, 2011, Richardson filed the instant federal habeas corpus petition, raising the following claims: 1) improper contact between victim's relatives and jurors; 2) trial court subjected him to "grave prejudice" by allowing multiple photographs of the victim to be admitted into evidence; 3) trial court and district attorney violated his constitutional rights by broadening the scope of his indictment; 4) trial court violated his

---

> denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

[3]A copy of the state appellate court's unpublished opinion is contained in the St. rec., vol. 7.

constitutional rights by admitting "second crime evidence"; 5) trial court violated his constitutional rights by admitting "faulty scientific evidence and testimony".

In its response, the State asserts that Richardson's petition is untimely and that he has failed to exhaust his state court remedies with respect to two of his claims. For the reasons set forth below, the Court finds this action is time-barred and, therefore, need not reach the exhaustion issue.

**TIMELINESS**

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Richardson have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has, in this case, asserted that Richardson's habeas application is untimely (rec. doc. 12, p. 2), the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

Richardson's conviction and sentence became final on January 20, 2008, when his time for seeking relief from the Louisiana

4

Supreme Court expired.  Butler, 533 F.3d at 316-318.  Under §2244(d), Richardson thus had until January 20, 2009, within which to timely seek federal relief unless the one-year time period was tolled by the pendency of a properly-filed application for post-conviction relief or other collateral review.  Richardson did not properly file a post-conviction application with the state district court until January 28, 2009.

Richardson did, however, attempt to submit a post-conviction application earlier.  As evidenced by Richardson's "Inmate's Request for Legal/Indigent Mail" and his "Inmate Funds Withdrawal Request" (rec. doc. 13, exhibit A), he attempted, on December 1, 2008, to submit a "post conviction relief" application to Malise Prieto, Clerk of Court for the Twenty-Second Judicial District Court for the Parish of St. Tammany.  This initial post-conviction application, however, was not filed by the state district court. In a letter dated January 22, 2009, the Clerk's Office informed that Richardson's "Application for Post Conviction Relief" was "being returned by Judge William J. Crain for failure to provide sentencing documents."  (Rec. doc. 13, exhibit B).

Assuming arguendo that Richardson's one-year statute of limitations was tolled by virtue of his December 1, 2008 improperly-filed post-conviction application, the instant action is nevertheless untimely.

As noted above, prescription started running on January 20,

5

2008, when Richardson's conviction became final. By December 1, 2008, 334 days of Richard's 365-day prescriptive period had expired.

Richard's post-conviction proceeding remained pending and, therefore, continued to toll prescription, until May 20, 2011, when the Louisiana Supreme Court denied his writ application. Richardson, 63 So.3d 971. At that point, Richardson had 31 days, until June 20, 2011, within which to timely seek federal habeas corpus relief. Richardson did not file the instant action until approximately two months later, on August 23, 2011. Thus, the above-captioned action is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001), quoting Davis v. Johnson, 158 F.3d 806 (5th Cir 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), citing Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters

outside his or her control, was nevertheless diligent in his or her pursuit of §2254 relief.  Coleman, 184 F.3d at 403.

Richardson offers no basis for equitably tolling prescription nor has this Court's review of the record uncovered any such basis.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Michael Richardson for habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[4]

New Orleans, Louisiana, this  8th  day of  February , 2012.

                                             ALMA L. CHASEZ
                                   UNITED STATES MAGISTRATE JUDGE

---

[4]Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

7