UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL RICHARDSON**                                           **CIVIL ACTION**

**VERSUS**                                                       **NO. 11-2179**

**N. BURL CAIN**                                                 **SECTION "J"(5)**

<u>ORDER</u>

    Before the Court are the Magistrate Judge's Report and Recommendation (Rec. Doc. 14) and the petitioner's objections to same (Rec. Doc. 17).  The petitioner seeks to avoid dismissal of his federal habeas petition on timeliness grounds, claiming equitable tolling due to the rising of the Mississippi River.  Specifically, he argues that he was reasonably led to believe that a state of emergency on "all legal deadlines" was in effect because daily call-out prison memoranda had not resumed; he did not have access to newspapers or television broadcasts concerning the flooding; and upon returning to his living quarters at Angola, the prison was in a state of chaos, such that he had no access to the law library, legal mail, his own papers, and other items.

    Upon review of the petitioner's objections, the Court ordered that the District Attorney respond to them and brief the issue of whether the petitioner is entitled to any equitable tolling of the

statutory limitation period due to any evacuation of the Angola prison in 2011. Rec. Doc. 18. The District Attorney for St. Tammany Parish, State of Louisiana, filed its responsive brief as ordered on April 13, 2012. Rec. Doc. 19. The State therein avers that its counsel contacted the records department of the Louisiana State Penitentiary and was advised that, according to the petitioner's file, he was not one of the inmates who was evacuated due to high water in 2011. The State points out that the petitioner has submitted no information regarding the dates of any evacuation and argues that he has failed to establish that equitable tolling is warranted.

The State also argues that the equitable tolling issue is mooted by the fact that the petitioner never properly filed a state post conviction application prior to the expiration of the federal one-year statutory limitation period. The Court finds this argument persuasive, for the following reasons.

The Magistrate Judge noted in her Report and Recommendation that the petitioner's conviction became final on January 20, 2008; that he thus had until January 20, 2009 to either file for federal relief or to properly file a state post conviction application that would invoke statutory tolling; and that the petitioner did not properly file a post conviction application with the state district court until January 28, 2009. The Magistrate Judge assumed

"arguendo" that the improperly filed post conviction application that was filed on December 1, 2008 could provide statutory tolling, and found that the petition would still be time barred.  However, the Court now finds that the post conviction application did not provide any statutory tolling because it was not properly filed as is required by Title 28 U.S.C. Section 2244(d)(2).

For the application to have been properly filed, it would have had to comply with state law filing requirements.  It did not so comply:  the record indicates that the December 1, 2008 application was returned for "failure to provide sentencing documents."  Rec. Doc. 13, at 6.  State law required these sentencing documents to be provided,[1] and their absence rendered the post conviction application improperly filed.[2]  Improperly filed, the application provided no statutory tolling.  As a result, the one-year statutory

---

[1] See LA. CODE CRIM. PROC. art. 926(A) ("A copy of the judgment of conviction *and sentence* shall be *annexed to the petition* [for post conviction relief], or the petition shall allege that a copy has been demanded and refused.") (emphasis added); art. 926(E) ("Inexcusable failure of the petitioner to comply with the provisions of this Article may be a basis for dismissal of his application.").

[2] See Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999) ("[W]e hold that a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements."); Mark v. Michael, No. 08-1261, 2008 WL 4365929, at *3 n.18 (E.D. La. Sept. 23, 2008) (where Louisiana appellate court rejected petitioner's application for noncompliance with procedural rule, application was not properly filed).

limitation period expired on January 20, 2009. When the petitioner re-filed his post conviction application eight days later on January 28, 2009, the deadline for seeking federal relief had already passed. For this reason, the instant petition should be dismissed with prejudice as untimely.

Even if this were not the case, and statutory tolling had occurred and continued until May 20, 2011 when the Louisiana Supreme Court denied the writ application, the petitioner has not demonstrated an entitlement to equitable tolling. Absent equitable tolling, the federal filing deadline would have passed on July 11, 2011; the petitioner did not file his habeas petition until August 23, 2011.[3] It is the petitioner's burden to establish equitable tolling. <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir. 2000), <u>modified on reh'g</u>, 223 F.3d 797 (5th Cir. 2000). He does not

---

[3] On this issue, the Court notes one modification to the Report and Recommendation that does not change the ultimate outcome. The Magistrate Judge found that, assuming there had been statutory tolling, the AEDPA deadline would have expired on June 20, 2011. The Court finds that, it would have expired on July 11, 2011, for the following reasons. On January 20, 2008, the petitioner's conviction became final. By the time the petitioner *arguendo* filed his post conviction application on December 1, 2008, 315 days of the AEDPA period had passed (rather than 334 days as stated by the Magistrate Judge). Statutory tolling occurred from that date until May 20, 2011, when the Louisiana Supreme Court denied relief. At that point, 50 days remained for seeking federal habeas relief. Those 50 days ran out on Saturday, July 9, 2011, which meant that the petitioner had until Monday, July 11, 2011 to file. See <u>Flanagan v. Johnson</u>, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Federal Rule of Civil Procedure] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) (if the last day of an applicable period is a Saturday, Sunday, or legal holiday, the period runs until the end of the next day that is not one of those days). Even under this modified calculation, he was clearly more than a month late in filing his federal habeas petition on August 23, 2011.

submit any evidence that he was evacuated in 2011 or that any conditions in the prison during the evacuation period prevented him from timely filing.[4]

The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objections to the Report and Recommendation, hereby overrules the objections, approves the Report and Recommendation of the United States Magistrate Judge, and adopts it as the Court's opinion in this matter.  Accordingly,

**IT IS ORDERED** that the petition of Michael Richardson for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is hereby **DISMISSED WITH PREJUDICE** as untimely.

New Orleans, Louisiana, this 23rd day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[4] The petitioner suggests that the Governor imposed a state of emergency that suspended all legal deadlines because of the rising of the Mississippi River.  The petitioner does not submit or allude to any evidence of any such suspension of the deadline for filing a federal habeas petition.